# EXHIBIT A

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
CHARLOTTE COUNTY, FL
CIVIL DIVISION

DEBRA LAPOSA, an individual

Plaintiff,

-vs-                                                    CASE NO.:    20000100CA

WAL-MART STORES EAST, L.P., a Foreign
Limited Partnership, and,

JOHN DOE, Manager of Store # 1874

Defendants,
_____/

## COMPLAINT

**COMES NOW** Plaintiff, **DEBRA LAPOSA**, by and through her undersigned attorneys, and sues Defendants, **WAL-MART STORES EAST, L.P**, and **JOHN DOE,** and alleges:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiff, **DEBRA LAPOSA**, was a resident of Charlotte County, Florida.

3. At all times material hereto, Defendant, **WAL-MART STORES EAST, L.P.,** was authorized and doing business in Charlotte County, Florida.

4. At all times material hereto, Defendant, **WAL-MART STORES EAST, L.P.**, owned, operated and maintained a store located 2931 S. McCall Road, Englewood, Charlotte County, Florida, which was used as a store for the purposes of selling miscellaneous items to the general public.

5. At all times material hereto, Defendant, **JOHN DOE** was the manager for **WAL-MART STORES EAST, L.P.**, and was responsible for the management of that store (#1874, located 2931 S. McCall Road, Englewood, Charlotte County, Florida).

6. On August 2, 2016, Plaintiff, **DEBRA LAPOSA**, went to the Walmart store #1874 located at 2931 S. McCall Road, Englewood, Charlotte County, Florida to purchase items.

## COUNT 1

## NEGLIGENCE OF WALMART

7. Plaintiff **DEBRA LAPOSA**, realleges and incorporates by reference, Paragraphs 1-6 as if more fully sets herein and further states:

8. On the date and at the place aforesaid, Defendant, **WAL-MART STORES EAST, L.P.**, owed Plaintiff, **DEBRA LAPOSA**, a business visitor upon the premises, the duty to exercise reasonable care for the safety of Plaintiff, **DEBRA LAPOSA**.

9. On the date and at the place aforesaid, Defendant, **WAL-MART STORES EAST, L.P.**, breached the duty owed to Plaintiff, **DEBRA LAPOSA**, by committing one or more of the following omissions or commissions:

   a. Negligently failed to maintain or adequately maintain the floor space in and around the Health and Beauty Department area by allowing a thick, slippery substance to remain on said floor, for the safety of Plaintiff, **DEBRA LAPOSA**, as she walked across said floor;

b. Negligently failed to inspect or adequately inspect the floor space in and around the Health and Beauty Department area, to determine whether the thick, slippery substance existed on said floor, for the safety of Plaintiff, **DEBRA LAPOSA**;

c. Negligently failed to warn or adequately warn Plaintiff, **DEBRA LAPOSA**, of the danger of slipping on the thick, slippery substance when she entered the floor space in and around the Health and Beauty Department area when Defendants, **WAL-MART STORES EAST, L.P.**, knew or should have known of said danger and that Plaintiff, **DEBRA LAPOSA**, was unaware of said danger; and

d. Negligently failed to correct, or adequately correct the dangerous condition of the thick, slippery substance on the floor in and around the Health and Beauty Department area when said dangerous condition was known to Defendants, **WAL-MART STORES EAST, L.P.**, or had existed for a sufficient length of time so that Defendant should have known of it.

10. As a direct and proximate cause of the negligence of Defendant, **WAL-MART STORES EAST, L.P.**, Plaintiff, **DEBRA LAPOSA**, slipped on the thick, slippery substance which had been permitted to remain on said floor, and when she fell she sustained significant injuries and damages.

11. As a direct and proximate result of the negligence of Defendant, **WAL-MART STORES EAST, L.P.**, as heretofore alleged, Plaintiff, **DEBRA LAPOSA,** was injured in and about her body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff, **DEBRA LAPOSA**, will sustain said loss in the future.

## COUNT 2

### NEGLIGENCE OF JOHN DOE

12.     Plaintiff **DEBRA LAPOSA**, realleges and incorporates by reference, Paragraphs 1-11 as if more fully sets herein and further states:

13.     On the date and at the place aforesaid, Defendant, **JOHN DOE**, owed Plaintiff, **DEBRA LAPOSA**, a business visitor upon the premises, the duty to exercise reasonable care for the safety of Plaintiff, **DEBRA LAPOSA**.

14.     On the date and at the place aforesaid, Defendant, **JOHN DOE**, breached the duty owed to Plaintiff, **DEBRA LAPOSA**, by committing one or more of the following omissions or commissions:

    a.     Negligently failed to maintain or adequately maintain the floor space in and around the Health and Beauty Department area by allowing a thick, slippery substance to remain on said floor, for the safety of Plaintiff, **DEBRA LAPOSA**, as she walked across said floor;

    b.     Negligently failed to inspect or adequately inspect the floor space in and around the Health and Beauty Department, to determine whether the thick, slippery substance existed on said floor, for the safety of Plaintiff, **DEBRA LAPOSA**;

    c.     Negligently failed to warn or adequately warn Plaintiff, **DEBRA LAPOSA**, of the danger of slipping on the thick, slippery substance when she entered the floor space in and around the Health and Beauty Department area when Defendant, **JOHN DOE**, knew or should have known of said danger and that Plaintiff, **DEBRA LAPOSA**, was unaware of said danger; and

    d.     Negligently failed to correct, or adequately correct the dangerous condition of the thick, slippery substance on the floor in and around the Health and Beauty Department area

when said dangerous condition was known to Defendant, **JOHN DOE,** or had existed for a sufficient length of time so that Defendant should have known of it.

15. As a direct and proximate cause of the negligence of Defendant, **JOHN DOE,** Plaintiff, **DEBRA LAPOSA**, slipped on the wet, slippery substance which appeared to be a pearly liquid, which had been permitted to remain on said floor, and when she fell she sustained significant injuries and damages.

16. As a direct and proximate result of the negligence of Defendant, **JOHN DOE,** as heretofore alleged, Plaintiff, **DEBRA LAPOSA,** was injured in and about her body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff, **DEBRA LAPOSA**, will sustain said loss in the future.

**WHEREFORE**, Plaintiff, **DEBRA LAPOSA**, demands judgment against Defendants, **WAL-MART STORES EAST, L.P. and JOHN DOE**, in an amount in excess of Thirty Thousand ($30,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

DATED this 31st day of January, 2020.

                                             _____
                                             Ashley Long, Esq.
                                             Morgan & Morgan
                                             2222 South Tamiami Trail
                                             Sarasota, FL  34239
                                             Tele: (941) 366-1790
                                             Fax: (941) 366-6063
                                             Florida Bar #:  0010418
                                             Attorney for Plaintiff