# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

DEBRA LAPOSA, an individual

      Plaintiff,

v.                                  Case No: 2:21-cv-730-SPC-NPM

WAL-MART STORES EAST,
L.P.,

      Defendant.

_____/

## ORDER[1]

Before the Court are Plaintiff Debra Laposa's response (Doc. 18) to the Court's Order to Show Cause (Doc. 17) and Defendant Walmart Stores East, L.P.'s Motion for Final Summary Judgment (Doc. 11). This slip-and-fall suit ping-ponged between state and federal courts for three years. For these purposes, understanding its convoluted history is unnecessary. Rather, it's only important to know some procedural facts.

Walmart removed the action on October 4. Just before removal, the state court dismissed a claim against Walmart's employee. Walmart then moved for

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

summary judgment, which the state court never decided.[2]  At that time, the state-court discovery deadline passed.  But Laposa wanted to take more discovery.  Apparently, depositions of Walmart's employees were never set.  And Laposa wanted to depose Walmart's corporate representative.

Two days after removal, Walmart again moved for summary judgment.  When Laposa failed to respond, the Court issued its Order to Show Cause as to why the case should not be dismissed for failure to prosecute.  Laposa responded, explaining the situation and asking for more time.  The Court construes this as a request for additional discovery under Rule 56(d).  *See Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 871 (11th Cir. 1988) (relaxing the requirement for an attorney to file an affidavit in support).

In general, courts should not grant summary judgment before the nonmovant can conduct enough discovery.  *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997).  At this time, the Court exercises its discretion to deny summary judgment without prejudice.  *See Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 844 (11th Cir. 1989) (reaffirming that Rule 56(d) "is infused with a spirit of liberality" (cleaned up)).

While this action has been pending for some time, it is still a new case.  *See* Local Rule 1.01(d)(1), (3) (explaining the difference between an action and

---

[2] The state-court docket sheet filed here is incomplete.  (Doc. 1-9).  A review of the online docket shows Defendant moved for summary judgment on September 23.

a case).  Walmart removed a month ago and moved for summary judgment two days later.  The parties disagree whether additional discovery is necessary and if Laposa should be held to the state-court deadline.  But it is unclear whether the discovery deadline in state court was supposed to change.  What's more, the discovery Laposa seeks (depositions of Walmart's employees and corporate representative) is standard in these types of cases.  At the upcoming preliminary pretrial conference, the parties will discuss scheduling and discovery.  Once those issues are fleshed out and resolved, Walmart can refile summary judgment.[3]

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Final Summary Judgment (Doc. 11) is **DENIED without prejudice**.  Defendant may refile summary judgment after the scope of discovery is resolved.

**DONE** and **ORDERED** in Fort Myers, Florida on November 4, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[3] To be clear, the Court does not opine whether additional discovery is necessary or, if so, to what extent.  Judge Mizell will set the scheduling order with the parties' input.